**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-1227**

---

RHUDES WOGHOMBONG NJOYA,

                                        Petitioner,

        versus

ALBERTO R. GONZALES, Attorney General,

                                        Respondent.

---

On Petition for Review of an Order of the Board of Immigration Appeals. (A96-088-646)

---

Submitted: October 21, 2005          Decided: November 9, 2005

---

Before MICHAEL, KING, and SHEDD, Circuit Judges.

---

Petition denied by unpublished per curiam opinion.

---

Jacqueline E. Ngole, Rockville, Maryland, for Petitioner. Peter D. Keisler, Assistant Attorney General, Michelle G. Latour, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, Evan Rikhye, Office of Legal Policy, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Rhudes Woghombong Njoya, a native and citizen of Cameroon, petitions for review of an order of the Board of Immigration Appeals (Board) affirming without opinion, pursuant to 8 C.F.R. § 1003.1(e)(4) (2005), the immigration judge's denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture.[*] Njoya contends on appeal that his evidence was, in fact, sufficient to establish his eligibility for asylum.

To obtain reversal of a determination denying eligibility for asylum, an alien "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and conclude that Njoya fails to show that the evidence compels a contrary result.

Nor can Njoya show that he was entitled to withholding of removal under 8 U.S.C. § 1231(b)(3) (2000). "Because the burden of proof for withholding of removal is higher than for asylum--even though the facts that must be proved are the same--an applicant who

---

[*]Njoya did not challenge the denial of protection under the Convention Against Torture before the Board. We therefore lack jurisdiction to consider this argument on appeal. Asika v. Ashcroft, 362 F.3d 264, 267 n.3 (4th Cir. 2004), cert. denied, 125 S. Ct. 861 (2005).

- 2 -

is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3)." <u>Camara v. Ashcroft</u>, 378 F.3d 361, 367 (4th Cir. 2004).

Finally, we reject Njoya's claim that the Board erred in using the summary affirmance procedure, as set forth in 8 C.F.R. § 1003.1(e)(4) (2005), in this case. Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>